UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHEN S. EDWARDS,

    *Plaintiff*,

v.

STATE OF ARIZONA *et al.*,

    *Defendants*.

Civil Action No. 20-54 (TJK)

## MEMORANDUM OPINION

Stephen S. Edwards challenges the outcome of state-court proceedings related to the foreclosure of his home, which was sold at a sheriff's auction after an Arizona state court entered a judgment foreclosing a lien on the property in 2018. He also asserts claims challenging his designation as a vexatious litigant in that state-court action, which prohibited him from filing further pleadings without leave of court. Proceeding *pro se*, he sues the State of Arizona and the United States, alleging a violation of his civil rights, a conspiracy to deny him access to the Arizona state courts, and abuse of Arizona's foreclosure and vexatious-litigant laws.

The State of Arizona moved to dismiss for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, which limits federal courts from exercising appellate review over state-court decisions, as well as on the grounds of sovereign immunity, failure to state a claim under Rule 12(b)(6), judicial immunity, and improper venue. For the reasons explained below, the Court will grant the motion to dismiss for lack of jurisdiction under the *Rooker-Feldman* doctrine and *sua sponte* dismiss the complaint against the United States for lack of service. Thus, the entire action will be dismissed.

I.     Background

Plaintiff's homeowners' association, the Lakewood Community Association (the "Association"), filed a case in Maricopa County Superior Court against Plaintiff to foreclose on a lien secured by Plaintiff's home.  ECF No. 4-1 at 7.  In connection with the foreclosure proceedings, the Association moved to declare Plaintiff a vexatious litigant.  ECF No. 4-3 at 31.  The Maricopa County Superior Court held a hearing, at which Plaintiff did not appear, in September 2018.  *Id.* at 32–33.  The court found that Plaintiff had been a party in forty-one lawsuits and "consistently used litigation in this Court in order to harass and to publish scandalous, nonsensical and completely baseless insults . . . for the sole purposes of increasing his opponents' litigation costs and harassing his opponents."  *Id.* at 43.  Consequently, the court recommended to the Presiding Judge for Maricopa County Superior Court that Plaintiff be declared a vexatious litigant.  *Id.*  After review, the Presiding Judge did just that and prohibited Plaintiff from filing further pleadings without seeking leave of court.  *Id.* at 52–53; *see also* ECF No. 1 ("Compl.") ¶¶ 13, 26, 38.

The court granted summary judgment for the Association in January 2019, thereby foreclosing on the lien.  ECF No. 4-3 at 10–11; *see also* Compl. ¶¶ 13, 17, 26.  The next month, the court issued a writ of special execution, ordering the sheriff to sell the property.  ECF No. 4-3 at 19.  Shortly thereafter, Plaintiff's motion to extinguish the lien was denied, *id.* at 22–23, and his home was sold in April 2019, *id.* at 25–27.  In August 2019, the court denied Plaintiff's motion to quash the writ of special execution, explaining that Plaintiff had not challenged the terms of the original judgment and had therefore waived any objection.  *Id.* at 29.

Plaintiff, proceeding *pro se*, filed this suit in January 2020.  He asserts what appear to be various statutory and constitutional claims against the State of Arizona as a result of the

foreclosure on his home and the vexatious-litigant order. He also alleges violations of his civil rights under 42 U.S.C. § 1983 against the United States.

## II.      Legal Standards

To survive a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, a plaintiff bears the burden of establishing that the Court has jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The Court must subject factual allegations to a higher level of scrutiny in resolving a Rule 12(b)(1) motion than in resolving one under Rule 12(b)(6) for failure to state a claim because it has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Al-Owhali v. Ashcroft*, 279 F. Supp. 2d 13, 21 (D.D.C. 2003) (citation omitted). The Court need not limit itself to the complaint when assessing subject matter jurisdiction; it "may consider relevant materials outside the pleadings to determine whether it has jurisdiction." *Bank of Am., N.A. v. FDIC*, 908 F. Supp. 2d 60, 78 (D.D.C. 2012). While a *pro se* complaint must be construed liberally, *pro se* plaintiffs must still show that the court has subject-matter jurisdiction. *James v. United States*, 48 F. Supp. 3d 58, 63 (D.D.C. 2014).

It is the plaintiff's responsibility to serve a defendant within 90 days after a complaint is filed, unless the defendant waives service. Fed. R. Civ. P. 4(m). If the plaintiff does not do so, then absent a showing of good cause, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* To serve the United States, the plaintiff must serve both the Attorney General of the United States and the United States attorney "for the district where the action is brought." Fed. R. Civ. P. 4(i)(1)(A)–(B); *see also Warren v. Central Intelligence Agency*, 210 F. Supp. 3d 199, 202 (D.D.C. 2016). A party's *pro se* status does not relieve it of the obligation to comply with the Federal Rules of

3

Civil Procedure or this Court's local rules. *See Akers v. Liberty Mut. Grp.*, 274 F.R.D. 346, 349 (D.D.C. 2011).

The Court considers a plaintiff's *pro se* complaint in light of all filings in the record. *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015); *see also Strumsky v. Wash. Post Co.*, 842 F. Supp. 2d 215, 217 (D.D.C. 2012) (court may consider documents referenced in complaint without converting motion to dismiss into motion for summary judgment).

### III. Analysis

#### A. Claims Against the State of Arizona (Counts I-V)[1]

This Court lacks subject-matter jurisdiction to hear Plaintiff's claims against the State of Arizona because those claims are requests to review state-court judgments in violation of the *Rooker-Feldman* doctrine. The doctrine "prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court." *Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002); *see Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). It applies to cases that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Three criteria govern a *Rooker-Feldman* analysis. "First, '[t]he party against whom the doctrine is invoked must have actually been a party to the prior state-court judgment.'" *Bradley v. DeWine*, 55 F. Supp. 3d 31, 41 (D.D.C. 2014) (quoting *Lance v. Dennis*, 546 U.S. 459, 462

---

[1] The Court construes Plaintiff to have asserted all counts—I, II, III, IV (erroneously titled Count VI) and V—against the State of Arizona.

4

(2006)). Second, "the claim raised in the federal suit must have been actually raised or inextricably intertwined with the state-court judgment." *Id.* (quoting *Lance*, 546 U.S. at 462). A claim is "inextricably intertwined" with a prior state-court judgment if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Araya v. Bayly*, 875 F. Supp. 2d 1, 3–4 (D.D.C. 2012) (citation omitted), *aff'd*, No. 12-7069, 2013 WL 500819 (D.C. Cir. Jan. 18, 2013); *see also Jung v. Bank of Am., N.A.*, No. 18-962 (RC), 2018 WL 6680579, at *5 (D.D.C. Dec. 19, 2018). Third, "the federal claim must not be parallel to the state-court claim." *Bradley*, 55 F. Supp. 3d at 42 (quoting *Lance*, 546 U.S. at 462). A claim is parallel if the plaintiff brought the federal claim before a state court entered the relevant judgment. *Exxon*, 544 U.S. at 293.

Plaintiff's claims against the State of Arizona easily satisfy the first and third prongs of the *Rooker-Feldman* doctrine. The first is fulfilled because the plaintiff here was also the plaintiff in "the prior state-court judgment[s]." *Bradley*, 55 F. Supp. 3d at 41; *see* ECF No. 4-3 at 8. The third is met because Plaintiff sued in January 2020, after the state court entered those judgments. *See* ECF No. 1; ECF No. 4-3 at 10–11, 52–53.

The second prong is also satisfied as to the claims against the State of Arizona. These claims were "actually raised" or "inextricably intertwined" with the state-court judgments because, through them, Plaintiff asks this Court to determine that the state court wrongly decided issues before it through the foreclosure judgment and vexatious-litigant order. In Count I, Plaintiff claims that the judges of Maricopa County violated his Sixth- and Fourteenth-Amendment rights by finding him vexatious and denying him access to the courts and courthouse. *See* Compl. ¶¶ 13–17. Along similar lines, in Count II, Plaintiff claims that the Arizona state judges conspired to deny him that access. *See* Compl. ¶¶ 19–22. This Court lacks

jurisdiction over these claims because determining whether Plaintiff was erroneously declared vexatious or improperly denied access to the state courts would require this Court to "review and reject" findings in the state-court order regarding Plaintiff's litigation conduct "in violation of the *Rooker-Feldman* doctrine." *See Magritz v. Ozaukee County*, 894 F. Supp. 2d 34, 39 (D.D.C. 2012).

The same goes for Count III of Plaintiff's complaint. In Count III, the core of Plaintiff's claim appears to be that the State of Arizona violated his civil rights by "illegally and wrongfully" assisting in the wrongful foreclosure of his home. Compl. ¶ 26(c). Again, the second prong of the *Rooker-Feldman* doctrine is satisfied because Plaintiff is effectively seeking to collaterally attack the state court's judgment ordering foreclosure. The doctrine does not permit this sort of "end-run" around a state court's determination. *Williams v. Bank of New York Mellon*, 169 F. Supp. 3d 119, 125 (D.D.C. 2016).

Counts IV and V fare no better under the *Rooker-Feldman* doctrine, despite Plaintiff's efforts to label them as general constitutional claims separate from the state-court judgments. In Count IV, Plaintiff claims that the Arizona foreclosure law is unconstitutional because "lawyers and Board members of these HOA communities are using it as a shakedown to get rid of people out of the neighborhood." Compl. ¶ 27. In Count V, Plaintiff alleges that Arizona judges are "abusing the intent of" Arizona's vexatious-litigant law, and that the law "is too ambiguous and needs many modifications and clarity," thus rendering it unconstitutional. *See* Compl. ¶¶ 36, 41.

Plaintiff's allegations do not, however, amount in substance to a general, facial attack on the law that could skirt application of *Rooker-Feldman*. Plaintiff pleads little in the way of facts to support these counts, but the paragraphs that could be construed as factual assertions pertain to the specific application of the law to Plaintiff. *See* Compl. ¶ 27 ("A $400.00 fine for building a

wall extension can turn into a $57,666.66 payoff for the Lawyers.  The HOA Lawyers are not releasing the LIEN even after receiving full payment."); *id.* ¶ 39 (judges "ignored my filings"); *id.* ¶ 41 ("Nobody should be declared vexatious for defending their home of 25 Years. Edwards built this home in 1993."); *id.* ¶ 42 ("Arizona Denied my Attorney's notice of appearance in open Court because of confusion of the Vexatious Law."); *id.* ¶ 43 ("That because of the Actions of Arizona The Plaintiff has lost his home of 25 years under nefarious means.").  Plaintiff does not assert that the laws are unconstitutional in all circumstances.  Because Plaintiff's claims have "no substance or independent core beyond [the law's] application to him and his own injury," assessing them would improperly require the Court to review the state court's judgment as to Plaintiff.  *See Laverpool v. Taylor Bean & Whitaker Reo LLC*, 229 F. Supp. 3d 5, 19 (D.D.C. 2017).  Therefore, they are not facial attacks and fall under the umbrella of *Rooker-Feldman*.

For these reasons, the Court will dismiss Plaintiff's claims against the State of Arizona for lack of subject-matter jurisdiction.

### B. Claim Against the United States (Count III)

The Court must also dismiss Plaintiff's claim against the United States because Plaintiff did not effect service properly, and the deadline to do so has long since passed.  Plaintiff filed the complaint on January 9, 2020. ECF No. 1.  Accordingly, service of the complaint on the United States was due within 90 days, on April 8, 2020.  *See* Fed. R. Civ. P. 4(m).  Prior to that, in an order dated March 12, 2020, the Court warned Plaintiff about that deadline and further advised him that service must fulfill the multiple requirements of Federal Rule of Civil Procedure 4(i) for serving the United States, *i.e.*, Plaintiff must serve both the Attorney General of the United States and "the United States attorney for the district where the action is brought." Fed. R. Civ. P. 4(i)(1)(A)–(B).

Plaintiff satisfied only one of those two requirements. On March 23, 2020, Plaintiff filed proof of service on the Attorney General of the United States. ECF No. 8. But the docket does not reflect any indication that he served the United States Attorney for the District of Columbia, despite having had five months since the April 8, 2020, deadline to do so. Plaintiff has also not demonstrated good cause for his omission, particularly in light of this Court's order specifically instructing him to satisfy the requirements of Rule 4(i).[2] Thus, pursuant to Rule 4(m), the Court will also dismiss Plaintiff's claim against the United States.

## IV. Conclusion

For all these reasons, the State of Arizona's Motion to Dismiss, ECF No. 4, will be **GRANTED**, and the Court will dismiss the claim against the United States as well. Thus, the entire action will be dismissed.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 11, 2020

---

[2] Plaintiff did not request an extension of the service deadline, and the Court notes that Rule 4(i)(4), which requires a court to "allow a party a reasonable time to cure" service on an agency, corporation, officer, or employee of the United States, does not apply here. *Jones v. United States*, No. 4:09cv129, 2010 WL 11527093, at *1 n.1 (E.D. Va. July 14, 2010) ("Unlike service pursuant to Rules 4(i)(2) and 4(i)(3) the Court is not required to extend the time to cure defects in service pursuant to Rule 4(i)(1).").